■ In the Matter of STELLA J. KINDZIA, Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— Judgment unanimously reversed on the law and facts, without costs, petition dismissed and determination of the State Liquor Authority confirmed. Memorandum: Petitioner and her husband are joint owners of the Whirlpool Bar and Restaurant which before July 4, 1963, was operated by the husband. On that date his liquor license was cancelled because of his failure to notify the Authority of his conviction of a crime. The husband continues to reside on the premises with petitioner. Although the petition alleges that the husband will transfer his interest in the property and business to petitioner and that he will not participate in the business if a license is issued to her, there is no testimony, affidavit or other proof demonstrating that he would not participate in the management and operation of it. The whole record discloses a reasonable basis for the judgment of the Authority that petitioner's operation of the business would not be free from his participation and interest. The refusal to grant a liquor license to petitioner under the circumstances was not arbitrary or capricious. (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465.) (Appeal from judgment of Niagara Special Term granting liquor license.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ RICHMOND HOMES, INC., Respondent, v. GEORGIAN COURT OF UTICA, INC., et al., Appellants, et al., Defendants.— Order unanimously affirmed, with costs. Memorandum: Defendants appeal from a denial of their motion to dismiss the complaint by reason of lack of capacity of plaintiff to sue (Business Corporation Law, § 1312, subd. [a]). The only question presented is whether plaintiff, an Indiana corporation unauthorized to do business in New York, was doing sufficient business so as to fall within the restriction of subdivision (a) of section 1312. Special Term correctly determined that the extent of plaintiff's business carried on in New York State was not substantial enough to affect its capacity to sue. The memorandum decision of Special Term contains certain data and facts which the court states were secured from plaintiff's attorneys after argument of the motion. Defendants quite properly challenge this "ex parte and private manner" used by the court. In affirming the order we have not considered this data for it is clearly outside the record. (Appeal from order of Oneida Special Term, denying motion to dismiss complaint.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.